**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DARRYL TOLAND,

      Plaintiff,                       **CIVIL ACTION NO. 09-CV-14660**

vs.

                                        **DISTRICT JUDGE PAUL D. BORMAN**

**CORRECTIONAL MEDICAL**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SERVICES, INC.,**

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) (docket no. 18) be **GRANTED** and Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In light of the above recommendation, Defendant's Motion to Compel Discovery (docket no. 19), Plaintiff's Motion for Sanctions (docket no. 24), and Defendant's Motions to Strike (docket nos. 35, 36) should be **DENIED** as **MOOT** without prejudice to the motions being reconsidered should the above recommendation not be adopted.

**II.**     **REPORT:**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Correctional Medical Services ("CMS") refused to treat him for harmful side effects caused when prison health care providers prescribed the wrong medication to him. Defendant filed the instant motion on March 23, 2010, arguing that Plaintiff's Complaint

1

should be dismissed because he failed to exhaust his available administrative remedies and failed to state a claim upon which relief may be granted. (Docket no. 18). The motion has been fully briefed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

### A. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted challenges the legal sufficiency of a complaint. In considering this motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss the complaint must contain "direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To comply with § 1997e, the prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

### B. Administrative Exhaustion

Defendant contends that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e. The record evidence shows that Plaintiff filed grievance no. SLF-06-04-0740-12D

2

on March 15, 2006. (Docket no. 21, Ex. A). In this grievance he names CMS and complains that he was given the wrong medication which caused damage to his liver and kidneys. (Docket no. 21, Ex. A). Plaintiff shows that he appealed this grievance through step III, which was denied on November 30, 2006. (Docket no. 21, Ex. A.).

Defendant argues that this particular grievance is irrelevant to the discussion of proper exhaustion of Plaintiff's claims because it relates to events that are time-barred by the applicable three-year statute of limitations. (Docket no. 25). Federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990). For civil rights actions filed in Michigan under § 1983, the statute of limitations is three years. See Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986).

Courts have found that the statute of limitations begins to run on the date of the step III appeal response, if such a response is made. *See Thomas v. Bergh*, No. 07-cv-141, 2008 WL 4225774, at *7 (W.D. Mich. Sept. 9, 2008); *Crump v. Darling*, No. 06-cv-20, 2007 WL 851750, at *11 (W.D. Mich. March 21, 2007). The step III response to grievance no. SLF-06-04-0740-12D is dated November 30, 2006. (Docket no. 21, Ex. A). Consequently, Plaintiff had three years from that date, or until November 30, 2009, to file this lawsuit. Plaintiff's Complaint was entered by the Court on December 1, 2009, just one day after the statute of limitations period expired. (Docket no. 1).

The filing date of a prisoner's complaint is determined by the date the prisoner deposits his complaint and IFP request in the prison mail system, rather than the date it is entered by the court. *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002); *Scott v. Evans*, 116 Fed. App'x. 699, 700 (6th Cir. 2004). The record shows that Plaintiff gave his Complaint to a prison official for mailing to this

Court on November 24, 2009. (Docket no. 3). It is not known when Plaintiff's IFP application was delivered to prison officials for mailing, however, the IFP application was entered by the Court along with his Complaint on December 1, 2009. (Docket no. 2). Accordingly, this Court finds that the Plaintiff's Complaint was filed within the limitation period. Grievance no. SLF-06-04-0740-12D is not irrelevant and shows that the Plaintiff properly exhausted his administrative remedies. Plaintiff's Motion to Dismiss pursuant to § 1997e should be denied.

**C. Failure to State a Claim**

Defendant next argues that it is entitled to dismissal of Plaintiff's Complaint because it does not set forth material allegations with respect to the claim against CMS. To establish liability against CMS, Plaintiff must allege that he suffered a violation of his federal rights because of a policy, practice, or custom of CMS. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff may not rely on *respondeat superior* to state a claim against CMS. *Id.* at 691; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)(finding that the holding in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) extends to private corporations). In his Complaint, Plaintiff asserts the following:

> Health Care provided me with the wrong medication. After taking the medication for approximately six months, I realized that something was wrong. I was suffering from dizziness, hair lost [sic], limited vision, distorted fingernails, facial distortion, trouble breathing. Health Care acknowledge [sic] that the wrong medication has been given to me for over six months. But Correctional Medical Services, Inc. refused to treat me for the harmful side effects I received from taking the wrong medication. i [sic] still suffer from the side effects. I suffer pain on a daily basis, blurred vision, stiff joints and lost [sic] of appetite. At time it is difficulty [sic] breathing.

(Docket no. 1).

In opposition to the instant motion, Plaintiff argues that the Defendant "did not render

4

adequate medical care in response to the injurious side effects . . . inflicted upon him, as a result of intentionally providing him with the wrong medication for over a six month period." (Docket no. 21 at 4). Plaintiff further argues that he has stated an Eighth Amendment claim against Defendant because "[p]roviding him with the wrong medication which could have resulted in death as well as long lingering side effects and failing to adequately treat the discernible side effects . . . states an Eighth Amendment claim for deliberate indifference." (Docket no. 21 at 5).

Plaintiff has not alleged that his injuries resulted from any CMS policy, practice, or custom. Even though Plaintiff is entitled to a liberal construction of his pleadings in light of his *pro se* status, he must still meet certain minimum pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Despite the liberal pleading standard, the Court should find that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 2, 2010        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Darryl Toland and Counsel of record on this date.


Dated: June 2, 2010        s/ Lisa C. Bartlett
                           Case Manager