UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL TOLAND,

    Plaintiff,

                                                Case No. 09-cv-14660

v.                                             Paul D. Borman
                                             United States District Judge

                                             Mona K. Majzoub
CORRECTIONAL MEDICAL           United States Magistrate Judge
SERVICES, INC.,

    Defendant.

_____/

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(2) OVERRULING PLAINTIFF'S OBJECTIONS;
(3) OVERRULING DEFENDANT'S OBJECTIONS; and
(4) DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Plaintiff's (Dkt. No. 41) and Defendant's (Dkt. No. 46) Objections to Magistrate Judge Mona Majzoub's June 2, 2010 Report and Recommendation (Dkt. No. 37). Defendant has filed a response to Plaintiff's objections. (Dkt. No. 47.) Plaintiff has filed a response to Defendant's objections. (Dkt. No. 50.) Defendant has filed a reply to Plaintiff's response. (Dkt. No. 52.) Having considered the entire record and having reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court ADOPTS the Magistrate Judge's Report and Recommendation, OVERRULES Plaintiff's objections, OVERRULES Defendant's objections and DISMISSES Plaintiff's Complaint for failure to state a claim.

1

I.   **BACKGROUND**

Plaintiff filed his *pro se* civil rights claim pursuant to 42 U.S.C. § 1983, alleging that Defendant Correctional Medical Services, Inc. ("CMS") prescribed the wrong medication for Plaintiff sometime in 2000 and has failed or refused to treat him for the side effects allegedly caused by his ingestion of the wrong medication. Plaintiff claims as follows:

> Health Care provided me with the wrong medication. After taking the medication for approximately six months. [sic] I realized that something was wrong. I was suffering from dizziness, hair lost [sic], limited vision, distorted fingernails, facial distortion, trouble breathing. Health Care acknowledge [sic] that the wrong medication has been given to me for over six months. But Correctional Medical Services, Inc., refused to treat me for the harmful side effects I received from taking the wrong medication. I still suffer from the side effects. I suffer pain on a daily basis, blurred vision, stiff joints and lost [sic] of appetite. At times it is difficulty [sic] breathing.

(Compl., Dkt. No. 1, 4.)

CMS filed a motion to dismiss on March 23, 2010, claiming that Plaintiff failed to exhaust administrative remedies and failed to state a claim upon which relief may be granted. (Dkt. No. 18.) The motion to dismiss was fully briefed and Magistrate Judge Majzoub ruled that (1) Plaintiff properly exhausted his administrative remedies and filed his claim within the statutory period and (2) Plaintiff's Complaint, which failed to allege that his injuries resulted from a CMS policy, practice or custom, failed to state a claim upon which relief could be granted. (Report and Recommendation, Dkt. No. 37.) Both Plaintiff and Defendant have filed objections to the Report and Recommendation.

II.  **STANDARD OF REVIEW**

   A.   **Objections to the Magistrate Judge's Report and Recommendation**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and

recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

Generally, a district court will not review matters that are not first presented to the magistrate judge for decision. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that petitioner had waived an argument, first raised in his supplemental objections to the magistrate judge's final report and recommendation, by failing to initially present the argument to the magistrate judge for review:

> The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir.1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S. D. Ill.1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

200 F.3d at 902 n. 1 (6th Cir. 2000). *See also Brown v. Cassens Transport Co.*, No. 04-cv-72316, 2007 WL 4548225, at * 1 (E.D. Mich. Dec. 19, 2007) ("Parties cannot raise arguments on objection to a report and recommendation that they did not bring before the magistrate judge.") (citing *Murr*, 200 F.3d at 901 n. 1).

**B.     Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 555 (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570.  The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50.  A plaintiff's factual allegations, while "assumed to be true, must do more than create

4

speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin American Citizens (LULAC) v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In addition to the allegations and exhibits of the complaint, a court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citations omitted).

    C.    Motion to Dismiss for Failure to Exhaust Administrative Remedies - 42 U.S.C. § 1997(e)

42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To comply with § 1997e, the prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

## III. ANALYSIS

### A. Plaintiff's Objections

Plaintiff objects that the Magistrate Judge "erred in concluding that Plaintiff has failed to

state a claim upon which relief can be granted." (Pl.'s Obj. 1.) Plaintiff's general objection merely restates arguments that he made in response to CMS's motion to dismiss, reiterating his belief that he has adequately alleged deliberate indifference. The Court concludes that the Magistrate Judge correctly concluded that Plaintiff's failure to allege that a specific CMS policy, custom or practice was the cause of his injury is fatal to his claim against CMS. "CMS's liability must . . . be premised on some policy that caused a deprivation of [plaintiff]'s Eighth Amendment rights." *Starcher v. Correctional Medical Systems, Inc.*, 7 F. App'x. 459, 465 (6th Cir. Mar. 26, 2001) (unpublished). The Court overrules Plaintiff's objection and concludes that the Magistrate Judge correctly dismissed Plaintiff's Complaint for failure to state a claim.[1]

### B. Defendant's Objections[2]

CMS's objection relates to Magistrate Judge Majzoub's ruling that Plaintiff properly exhausted his claim and filed his section 1983 claim within the applicable statutory period.[3] CMS's objection is really two-fold: (1) that the grievance on which Plaintiff relies for his section 1983 claim was procedurally defaulted and rejected as untimely at Steps II and III of the grievance process and therefore is not properly exhausted and (2) that even if properly exhausted, Plaintiff's section 1983

---

[1] The Court also notes that on October 25, 2010, Magistrate Judge Majzoub denied Plaintiff's motion for leave to amend the Complaint. (Dkt. No. 59, Order Denying Plaintiff's Motion for Leave to File First Amended Complaint.) No timely objections were filed to Magistrate Judge Majzoub's October 25, 2010 Order.

[2] Plaintiff argues in his response to CMS's objections that CMS did not timely file its objections. The Court concludes that CMS's objections were timely filed on June 21, 2010, which was the first day that was not a Saturday, Sunday or legal holiday that was 14 days (plus 3 days for electronic filing) from the filing of the Report and Recommendation on June 2, 2010. Fed. R. Civ. P. 72(b)(2), 6(d), 5(b)(2)(E) ad 6(a)(1)(C).

[3] CMS notes in its objections that it agrees with the Magistrate Judge's ultimate conclusion that Plaintiff has failed to state a claim, and states that it files its objections in an effort to preserve issues for appeal. (Def.'s Obj. 4.)

claim, filed on December 1, 2009, was filed beyond the applicable statutory period.

>    1. **CMS objects that Plaintiff's grievance was untimely and was rejected on procedural grounds and therefore was not properly exhausted.**

As to CMS's first basis for objection, that the grievance was procedurally defaulted and therefore not properly exhausted, CMS first makes this argument in its objections to the Magistrate Judge' Report and Recommendation. This argument was not made in CMS's motion to dismiss and was not mentioned in CMS's reply to Plaintiff's response to CMS's motion to dismiss. There is nothing in the record to suggest that Magistrate Judge Majzoub was given the opportunity to consider this argument. In fact, CMS acknowledges that the Magistrate Judge did not rule on this issue, complaining in its objections that Plaintiff only attached "select portions" of the grievance responses in response to CMS's motion to dismiss, thereby "misleading" the Magistrate Judge "into making an improper recommendation." (Def.'s Obj. p. 5.) Assuming that the procedural default argument did have merit,[4] it is well established that "absent compelling reasons, [the Magistrate

---

[4] To the extent that Plaintiff's section 1983 claim is premised upon having been given the wrong medication in 2000, CMS argues that this grievance was both untimely and raised in a previous grievance. These procedural defaults were noted by the grievance responder at Step II and confirmed by the responder at Step III. (Def.'s Obj. Ex. A, pp. 3, 7, 8.) At Step I, the responder noted the 2000 grievance but did not discuss its timeliness, as that responder went on to argue the merits of Plaintiff's more recent grievance, i.e. that he was not being given appropriate treatment for his current symptoms, which he alleged were caused by dispensation of improper medication in 2000. At Step II, the responder noted that the grievance, to the extent it was premised upon events that occurred in 2000, was untimely and violated MDOC Policy Directive 03.02.130. (Def.'s Obj. Ex. A, 7.) The Step II responder also noted that the 2000 events had been addressed in a previous grievance and declined to discuss the 2000 events for these procedural reasons. (*Id.*) At Step III, the responder affirmed that the Step I and Step II responders "appropriately addressed the issue." (*Id.* at 8.) Plaintiff's claim based upon these events would thus be subject to dismissal. *See Vandiver v. Correctional Medical Services, Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) (unpublished) ("'As long as the "procedural default" rejection is clear, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust.'") (quoting *Grear v. Gelabert*, No. 07-cv-203, 2008 WL 474098 at * 2, n. 1 (W.D. Mich. Feb. 15, 2008)). *See also Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("An inmate exhausts a claim . . . by

7

Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr*, 200 F.3d at 902 n. 1. The Court concludes, therefore, that CMS has waived this argument and overrules CMS's objection based upon this ground.

> **2.  CMS objects that Plaintiff's claim, even if properly exhausted, is barred by the applicable statute of limitations.**

CMS also objects that Magistrate Judge Majzoub incorrectly concluded that Plaintiff's section 1983 claim, even assuming that it had been properly exhausted, was filed within the statutory period. CMS agrees that the Magistrate Judge applied the appropriate three-year statute of limitations, but argues that she incorrectly concluded that Plaintiff's claim fell within that statutory period. CMS argues that "Plaintiff's claims are time-barred by the three year statute of limitations, as the claims raised in the grievance relate to incidents that allegedly occurred in 2000." (Def.'s Obj. 6.)

Plaintiff's grievance, while referring to events that occurred in 2000, also claims that, as of the date of the filing of his grievance on March 15, 2006, he was being "denied [] sufficient medical treatment so as to keep up with [his] needed medical care." (Def.'s Obj. Ex. A, 2.) In fact, at Step II, after rejecting as untimely claims relating to the allegedly improper prescribing of certain medication in 2000, the responder noted that Plaintiff "now grieves the care provided at his current facility." (*Id*. p. 7.) At Step III, the responder concluded that Plaintiff was being "monitored and treated by a qualified medical service provider" and had not been denied medical care. (*Id*. p. 8.)

---

following the critical procedural rules of the prison's grievance process . . . .") (internal quotation marks and citation omitted). *See also Crump v. Darling*, No. 06-cv-20, 2007 WL 851750 at * 11 n. 11 (W.D. Mich. March 21, 2007) (noting that a grievance which was rejected as duplicative of an earlier grievance that was denied, and which was filed after the statute of limitations has run, did not restart the three-year limitations clock).

8

CMS concedes this issue in its reply to Plaintiff's response to CMS's objections, where it first raises its procedural default argument: "While Plaintiff's current complaints were denied, but not rejected as violative of the grievance policy, those claims may have been properly exhausted. What is clear, however, is that Plaintiff's claims related to incidents allegedly occurring in 2000 were properly rejected as untimely and duplicative in violation of the grievance policy. Therefore, those claims were not properly exhausted." Thus, Magistrate Judge Majzoub properly concluded that Plaintiff's Complaint, filed within three years of the November 30, 2009 Step III response to his March 15, 2006 grievance, was timely filed.[5] The Court overrules CMS's objection on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 37);

(2) OVERRULES Plaintiff's Objections to the Report and Recommendation (Dkt. No. 41);

(3) OVERRULES Defendant's Objections to the Report and Recommendation (Dkt. No. 46);

(4) DISMISSES Plaintiff's Complaint with prejudice.

IT IS SO ORDERED.             S/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

Dated: November 10, 2010

---

[5] CMS reasons that, because Plaintiff filed his section 1983 claim on 12/1/2009 "any claims resulting from incidents occurring prior to 12/1/2006 are time-barred by the statute of limitations." (Def.'s Reply to Plaintiff's Response to Mot. to Dismiss, Dkt. No. 25, 2.) However, the running of the statute was tolled from the date on which Plaintiff filed his grievance, March 15, 2006, until the date that his Step III response was issued. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Thus, the Magistrate Judge was correct in using November 30, 2009, as the appropriate date on which to begin the running of the three year statute of limitations.

9

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 10, 2010.

                                                  S/Michael Williams
                                                  Case Manager